# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Doe, et al., individually and on
behalf of all persons similarly situated,
                 Appellant

         v.

City of Philadelphia,
Mayor Michael A. Nutter,
Philadelphia Police Department,
Gun Permit Unit of the
Philadelphia Police Department,
Philadelphia License and Inspection
Board of Review, and Philadelphia
Office of Innovation and Technology

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**CASE SEALED**
No. 990 C.D. 2017
Argued: March 6, 2018

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**            **FILED: April 4, 2018**

John Doe (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court), dated May 30, 2017. The trial court denied Appellant's petition for contempt (Petition) related to a court-approved settlement agreement (Settlement Agreement). For the reasons set forth below, we vacate the trial court's order and remand the matter to the trial court for further proceedings.

On December 31, 2012, Appellant, on behalf of himself and other similarly situated individuals, commenced a class action against the City of Philadelphia (City), Mayor Michael A. Nutter, the Philadelphia Police Department (PPD), the Gun Permit Unit of the PPD (Gun Permit Unit), the Philadelphia License and Inspection Board of Review (L&I Board), and the Philadelphia Office of Innovation and Technology (collectively, Appellees), setting forth causes of action for violations of Section 6111 of the Pennsylvania Uniform Firearms Act of 1995 (Act)[1] and breach of confidentiality/invasion of privacy. Appellant alleged that Appellees violated Section 6111 of the Act by improperly disclosing confidential information regarding Philadelphia residents who appealed the denial or revocation of their Pennsylvania licenses to carry firearms (LTCF) to the L&I Board. Appellant sought injunctive relief to enjoin Appellees from further disclosing such confidential information, as well as statutory and other damages, attorneys' fees, and costs. Sometime thereafter, the parties entered into the Settlement Agreement. Pursuant to Section III.A of the Settlement Agreement, Appellees agreed to, *inter alia*, the following:

> 2. The City shall not disclose LTCF [i]nformation to anyone or any entity in any manner, including, but not limited to, in-person or electronically.
>
> . . . .
>
> 4. The City shall train, on at least an annual basis, members of the [PPD] and [L&I Board] by appropriate means and manner regarding the confidentiality of LTCF [i]nformation pursuant to [Section 6111 of the Act].
>
> 5. The City shall provide appropriate customer service training for members of the [Gun Permit Unit]. The City shall include in the above-mentioned training

_____
[1] 18 Pa. C.S. § 6111.

that the confidentiality of [Section 6111 of the Act] requires that LTCF [i]nformation not be shared with or disclosed to the public, although such information may be shared among law enforcement personnel as necessary and as provided for by [the Act].

. . . .

9. The City shall include a copy of Exhibit "E[,]" [the License to Carry Firearms Applicant Notice (LTCF Notice),] with any notice provided to an LTCF applicant regarding the granting, denial or revocation of an applicant's LTCF.

10. The City shall not require an applicant for an LTCF to provide any references on the LTCF [a]pplication or from denying [sic] such application because of any failure or refusal to provide such references.

. . . .

14. The City shall process all LTCF applications, and issue an approval or denial, within 45 calendar days from the date of application, as required by [Section 6109 of the Act] and as calculated pursuant to Pa. R.C.P. [No.] 106.

(Reproduced Record (R.R.) at 47a-50a.) The trial court approved the Settlement Agreement by order dated October 29, 2014.

Thereafter, on September 16, 2016, Appellant filed the Petition, alleging that Appellees violated the Settlement Agreement and the trial court's October 29, 2014 order by: (1) disclosing confidential LTCF information through (a) the use of un-enveloped postcards, (b) the use of a sign-in sheet at the Gun Permit Unit, and (c) calling out the applicant's/licensee's name in the waiting room and then having discussions with such applicant/licensee in an open carousel located in the waiting room of the Gun Permit Unit; (2) failing to train members of the PPD, the Gun Permit Unit, and the L&I Board; (3) failing to provide the LTCF Notice with any notice to an LTCF applicant regarding the granting, denial, or revocation of an

3

applicant's LTCF; (4) requiring LTCF applicants to provide references and refusing to accept applications that do not contain such references; and (5) failing to issue LTCFs within 45 days. (*Id.* at 83a-88a.) The trial court did not issue a rule to show cause in connection with Appellant's Petition. Appellees did not file an answer to Appellant's Petition. Rather, on September 30, 2016, Appellees filed an unverified brief in opposition to Appellant's Petition.

The trial court held a hearing on Appellant's Petition on April 20, 2017. Prior to the hearing, Appellant served a subpoena on Lieutenant Lisa King (Lt. King), the supervising officer of the Gun Permit Unit. The subpoena required Lt. King to attend and testify at the hearing. The subpoena also required Lt. King to bring certain documents with her to the hearing relative to Appellant's Petition. Lt. King appeared and testified at the hearing,[2] but she did not produce any of the documents requested by the subpoena. Appellees' counsel objected on the record to Lt. King having to produce the documents identified in the subpoena. Appellant's counsel responded that Appellees did not file a motion to quash or a motion for a protective order and that Appellant was entitled to receive copies of the documents so that Appellant could demonstrate for the trial court how many violations of the Settlement Agreement and the trial court's October 29, 2014 order had occurred. The trial court indicated that it would take the matter under advisement and decide the issue after Appellant's counsel examined Lt. King. The trial court did not,

---

[2] Lt. King testified regarding the Gun Permit Unit's procedures following the execution of the Settlement Agreement and the entry of the trial court's October 29, 2014 order. (R.R. at 121a-62a.) Appellant also presented the testimony of an individual who filed an application with the Gun Permit Unit for the renewal of his LTCF on December 7, 2016. (*Id.* at 163a.)

4

however, issue a decision relative to Lt. King's failure to produce the documents requested by the subpoena.

On May 30, 2017, the trial court issued an order denying Appellant's Petition. Appellant appealed the trial court's decision to this Court. On appeal,[3] Appellant argues: (1) the trial court abused its discretion, committed an error of law, or violated Appellant's constitutional rights by refusing to issue a rule to show cause in connection with Appellant's Petition; (2) the trial court abused its discretion, committed an error of law, or violated Appellant's constitutional rights by denying Appellant an opportunity to engage in discovery relative to the Petition; (3) the trial court abused its discretion, committed an error of law, or violated Appellant's constitutional rights by refusing to enforce the subpoena issued to Lt. King; and (4) the trial court abused its discretion, committed an error of law, or violated Appellant's constitutional rights by denying Appellant's Petition.

First, we address Appellant's procedural arguments—*i.e.*, that the trial court abused its discretion, committed an error of law, or violated Appellant's constitutional rights by refusing to issue a rule to show cause in connection with Appellant's Petition, denying Appellant an opportunity to engage in discovery relative to the Petition, and refusing to enforce the subpoena issued to Lt. King. More specifically, Appellant argues that he was entitled to the issuance of a rule to show cause because Philadelphia Civil Rule No. 206.4(c) requires that a rule to show cause be issued as of course in connection with any petition. Appellant argues further that he was also entitled to engage in at least some form of discovery because Philadelphia Civil Rule No. 206.4(c) specifically adopts Pennsylvania Rule of Civil

___

[3] "Our scope of review when considering an appeal from a contempt order is limited to a review of whether the trial court abused its discretion or committed an error of law." *Lower Mount Bethel Twp. v. Stine*, 686 A.2d 426, 429 (Pa. Cmwlth. 1996).

Procedure No. 206.6, which provides a form order permitting depositions. Lastly, Appellant argues that he was entitled to the enforcement of the subpoena issued to Lt. King, because Appellees did not file a motion to quash or a motion for protective order and "to deny Appellant[] the requested information would hinder [his] ability to prosecute [his] claims." (Appellant's Br. at 20.)

In response, Appellees argue that Appellant suffered no prejudice resulting from the trial court's failure to issue a rule to show cause, because the trial court and Appellees substantially complied with the rules governing petition practice. More specifically, Appellees argue that they filed an answer in opposition to the Petition and, "[w]hile not divided into consecutively numbered paragraphs, the . . . filing contained all of the essential elements of an answer, materially responding to each of the [Petition's] allegations and clearly asserting [Appellees'] defenses."[4] (Appellees' Br. at 35.) Appellees also argue that pre-hearing discovery was not warranted because: (1) Appellant did not serve discovery on Appellees or file a motion requesting discovery; and (2) courts located in jurisdictions that have opted to issue rules to show cause "as of course," like Philadelphia County, "have the flexibility to resolve those issues via an evidentiary hearing in lieu of allowing discovery." (Appellees' Br. at 39.) Appellees argue further that the trial court did

---

[4] Appellees also argue that Appellant failed to preserve any issues relative to the trial court's failure to issue a rule to show cause by not raising such issues in his post-trial motion. In his reply brief, Appellant responds that Appellees' argument is frivolous because the note to Pennsylvania Rule of Civil Procedure No. 227.1(c) provides that motions for post-trial relief may not be filed in matters governed by the rules of petition practice and Pennsylvania Rule of Civil Procedure No. 206.1 and Philadelphia Civil Rule No. 206.1(a) designate petitions for contempt as petitions. We agree. It is irrelevant that Appellant did not include the rule to show cause issue in his post-trial motion, because Appellant was not even required to file a post-trial motion. *See Coco Bros., Inc. v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh*, 608 A.2d 1035, 1036-37 (Pa. 1992) (holding that post-trial motions are not required or even permissible in actions commenced by petition).

not err in refusing to enforce the subpoena issued to Lt. King, because Appellant did not formally ask the trial court to enforce the subpoena, request a continuance of the hearing due to Lt. King's failure to produce the documents, or inform the trial court that the trial court could not adjudicate the Petition without the documents. Appellees also argue that even if a proper motion was before the trial court, the trial court acted within its discretion in deciding not to enforce the subpoena.

Philadelphia Civil Rule No. 206.1(a) designates petitions for contempt as petitions subject to the procedures set forth in Pennsylvania Rules of Civil Procedure Nos. 206.1 through 206.7. The issuance of a rule to show cause is discretionary with the trial court "unless the [trial] court by local rule adopts the procedure of Rule 206.6 providing for issuance as of course." Pa. R.C.P. No. 206.4(a)(1). Philadelphia Civil Rule No. 206.4(c) adopts the rule to show cause process set forth in Pennsylvania Rule of Civil Procedure No. 206.6 and provides, in relevant part: "Upon the filing of a petition, a rule to show cause *shall* be issued as of course by the Motion Court clerk on behalf of the [trial c]ourt." (Emphasis added.) This Court has previously explained that the trial court lacks discretion when a statute or rule utilizes the word "shall." *See Jennison Family Ltd. P'ship v. Montour Sch. Dist.*, 802 A.2d 1257, 1262 (Pa. Cmwlth. 2002), *appeal denied*, 815 A.2d 635 (Pa. 2003).

Despite the mandate set forth in Philadelphia Civil Rule No. 206.4(c) and Pennsylvania Rule of Civil Procedure No. 206.6, the trial court did not issue a rule to show cause in connection with Appellant's Petition. This constitutes error. In its Rule 1925(a) opinion, the trial court suggests otherwise, stating that because Appellees filed an answer to Appellant's Petition and the trial court provided the parties with ample opportunity to present evidence and testimony at the

7

April 20, 2017 hearing, it "succeeded in serving the intent of the Pennsylvania Rules governing petitions practice by developing a record from which to discern disputed issues of material fact." (Rule 1925(a) Opinion at 11.) We disagree. First, the trial court does not have discretion to disregard the mandatory provisions of its local rules. Second, Appellees did not file an answer to Appellant's Petition. The document filed by Appellees in response to Appellant's Petition is entitled "Defendants' Brief in Opposition to Motion for Contempt." The document does not meet the requirements of Pennsylvania Rules of Civil Procedure Nos. 206.2(b)[5] and 206.3[6] governing answers to petitions, as it does not contain consecutively numbered paragraphs that correspond to the numbered paragraphs of the Petition and is not verified. Without the filing of a verified answer, the pleadings are not closed and the disputed facts have not been identified. Appellant should not have been required to proceed with a hearing without a verified answer and knowledge of which facts set forth in the Petition are disputed. For these reasons, we conclude that the trial court committed an error of law by failing to issue a rule to show cause in connection with Appellant's Petition, and we remand the matter to the trial court for the issuance of a rule to show cause.

Pennsylvania Rule of Civil Procedure No. 206.6, which was adopted by Philadelphia Civil Rule No. 206.4(c), provides a form proposed order to be attached to a petition that is filed in a jurisdiction where rules to show cause are issued as of course. Paragraph (4) of that form order provides: "depositions shall

---

[5] Pennsylvania Rule of Civil Procedure No. 206.2(b) provides: "An answer to a petition shall be divided into paragraphs, numbered consecutively, corresponding to the numbered paragraphs of the petition."

[6] Pennsylvania Rule of Civil Procedure No. 206.3 provides: "A petition or an answer containing an allegation of fact which does not appear of record shall be verified."

be completed within ____ days of this date[.]" Pa. R.C.P. No. 206.6(c). The note to Pennsylvania Rule of Civil Procedure No. 206.6, however, indicates that Paragraphs (4) and (5) (Paragraph (5) addresses the time, date, and location for argument) of the form order are optional in a county adopting the alternative procedure—*i.e.*, the issuance of a rule to show cause as of course. The note further indicates that when an evidentiary hearing is held, the form order can be modified by deleting Paragraphs (4) and (5) and replacing them with language indicating the time, date, and location for the evidentiary hearing. Section II of the explanatory comment to Pennsylvania Rule of Civil Procedure No. 206.6 explains:

> Proposed Rule 206.6 sets forth the procedure when the court adopts a local rule providing, in the language of subdivision (a), that a "rule to show cause shall be issued as of course upon the filing of the petition."
>
> . . . .
>
> The form of order issuing the rule to show cause is very similar to that provided by Rule 206.5 governing discretionary issuance. Whether the issuance is automatic or discretionary, it is most useful and expeditious to set forth the time schedule for the various procedural steps to determine the petition. The note to the rule is identical to the note to Rule 206.5 and advises that the [trial] court may wish to hold a hearing rather than require discovery, that means of discovery other than depositions are available and that the [trial] court might decide the matter on briefs alone without a hearing or oral argument.

Thus, the process that the trial court will use to decide a petition, including whether discovery will be permitted and if so, to what extent, should be set forth in the order issuing the rule to show cause. The purpose of Pennsylvania Rule of Civil Procedure No. 206.6 is to give the parties direction on how the trial court is going to proceed and whether the trial court will permit discovery and/or schedule an evidentiary hearing. This does not mean that Appellant is entitled to discovery in this matter.

9

As summarized above, Pennsylvania Rule of Civil Procedure No. 206.6 provides the trial court with discretion to decide whether to permit Appellant to engage in discovery. The trial court can exercise its discretion in this regard on remand.[7]

In its Rule 1925(a) opinion, the trial court suggests that Appellant's argument regarding the trial court's failure to enforce the subpoena issued to Lt. King is moot because, after the trial court indicated that it would take the matter under advisement, Appellant did nothing further to object or request a continuance so that enforcement proceedings could be pursued. We disagree. At the April 20, 2017 hearing, Appellant's counsel responded to Appellees' counsel's objections and set forth the reasons why he believed that Appellant was entitled to receive copies of the requested documents. At that time, the trial court indicated that it would take the matter under advisement after it heard Appellant's counsel's examination of Lt. King. It was not necessary for Appellant's counsel to object any further or to further request that the trial court enforce the subpoena. Even though the trial court took no further action with respect to the enforcement of the subpoena after it indicated that it would take the matter under advisement, the trial court's actions—*i.e.*, denying Appellant's Petition without permitting Appellant to obtain the requested documents and holding a further evidentiary hearing thereafter—suggest that the trial court implicitly denied the request.

The trial court's Rule 1925(a) opinion, however, does not set forth the reasons why the trial court decided not to enforce the subpoena. We, therefore, cannot discern from the record before us whether the trial court erred. Nonetheless,

---

[7] In the event that the trial court does not permit Appellant to engage in discovery and Appellant believes that discovery is warranted after Appellees file a verified answer to the Petition, nothing herein prevents Appellant from filing an application with the trial court requesting discovery.

we note that given our decision above to remand the matter to the trial court, this issue is now moot. On remand, however, if the trial court decides not to enforce a subpoena properly served by one of the parties, the trial court should set forth the reasons for its decision on the record or in an opinion.

For all of the above-stated reasons, a remand is necessary to afford Appellant the process to which he is entitled under the Pennsylvania Rules of Civil Procedure and the Philadelphia Civil Rules.[8] Accordingly, we vacate the trial court's order and remand the matter to the trial court for further proceedings. On remand, the trial court is directed to issue a rule to show cause, specifically setting forth the process and procedure that it will follow to decide Appellant's Petition, which may include permitting Appellant to engage in discovery and/or holding a new evidentiary hearing after a verified answer has been filed.

P. KEVIN BROBSON, Judge

---

[8] Because we are remanding this matter on procedural grounds, we need not consider Appellant's remaining issue—*i.e.*, whether the trial court abused its discretion, committed an error of law, or violated Appellant's constitutional rights by denying Appellant's Petition. Thus, we make no decision/judgment with respect to the substantive issues raised by Appellant on appeal. We note, however, that if Appellees have come into compliance with the terms of the Settlement Agreement and the trial court's order dated October 29, 2014, Appellant may not be entitled to a finding of civil contempt. *See, e.g.*, *Wetzel v. Suchanek*, 541 A.2d 761, 763 (Pa. Super. 1988) ("Civil contempt has as its dominant purpose to enforce compliance with an order of court for the benefit of the party in whose favor the order runs[,]" and the contemnor has "the ability . . . to purge himself of civil contempt by complying with the court's directive.").

11

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

John Doe, et al., individually and on   :
behalf of all persons similarly situated,   :
                       Appellant   :
  :
          v.   :    No. 990 C.D. 2017
  :
City of Philadelphia,   :
Mayor Michael A. Nutter,   :
Philadelphia Police Department,   :
Gun Permit Unit of the   :
Philadelphia Police Department,   :
Philadelphia License and Inspection   :
Board of Review, and Philadelphia   :
Office of Innovation and Technology   :

# **O R D E R**

AND NOW, this 4th day of April, 2018, the order of the Court of Common Pleas of Philadelphia County (trial court) is hereby VACATED and the matter is REMANDED to the trial court for further proceedings.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge